| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: June 16, 2015<br>Hearing Time: 11:00 AM |
| In Re:<br><br>Teofilo Mendez and Gloria Heredia<br><br>Debtors. | **NOTICE OF MOTION<br>FOR TERMINATION<br>OF AUTOMATIC STAY**<br><br>Case No.: 15-41720-cec<br>Chapter 7<br><br>Assigned to:<br>Hon. Carla E. Craig<br>Bankruptcy Judge |

Please take notice that Central Mortgage Company, by the undersigned attorneys, will move this Court on June 16, 2015, at 11:00 AM or as soon thereafter as counsel can be heard, before the Hon. Carla E. Craig whose courtroom is located at the United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3529, Brooklyn, NY 11201, for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2) terminating the automatic stay as to movant's interest in the real property commonly known as 5509 97th PLACE, CORONIA, NY 11368 and for such other relief as the Court may deem proper.

DATED:    May 5, 2015
          Garden City, New York

                                      Very truly yours,

                                      By:  */s/ Raquel Felix*
                                      Raquel Felix, Esq.
                                      Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
                                      Attorneys for Creditor.
                                      100 Garden City Plaza
                                      Garden City, NY 11530
                                      Telephone 516-222-6200

TO:

Teofilo Mendez
5509 97th Place
Corona, NY 11368

Gloria Heredia
5509 97th Place
Corona, NY 11368

Jose L Rios
Rios Law Firm
2560 Matthews Avenue
Bronx, NY 10467

Trustee
Gregory Messer
Law Offices Gregory Messer, PLLC
26 Court Street
Brooklyn, NY 11242

U.S. Trustee
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK
Conrad B. Duberstein U.S. Courthouse
271 Cadman Plaza East
Suite 1595
Brooklyn, NY 11201-1800
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

Teofilo Mendez and Gloria Heredia

                Debtors.

**APPLICATION**

Case No.: 15-41720-cec
Chapter 7

Assigned to:
Hon. Carla E. Craig
Bankruptcy Judge

      Central Mortgage Company, (the "Creditor"), by and through its counsel, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., makes this motion (the "Motion") for an order pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting it relief from the automatic stay imposed by 11 U.S.C. § 362(a), and permitting the Creditor to exercise all of its rights and remedies with respect to its security interest in the real property commonly known as 5509 97th PLACE, CORONA, NY 11368 (the "Mortgaged Premises"), respectfully represents and states as follows:

      1.      On April 17, 2015, Teofilo Mendez and Gloria Heredia, (the "Debtors") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code with this Court, and an order for relief was duly entered.

      2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

      3.      Creditor derives its secured status pursuant to that certain Note and Mortgage dated September 30, 2004 where Creditor advanced sums to or for the benefit of the Debtors in the original principal amount of $528,000.00. A copy of the Note, Mortgage and Assignment is annexed hereto as **Exhibit A**.

4. Pursuant to the terms and conditions of the Note and Mortgage, upon the failure of the Debtors to cure any default thereunder, which includes non-payment of amounts due, Creditor is entitled to accelerate the loan balance and foreclose on the Mortgaged Premises. The Debtors are currently in default on payments as of November 1, 2011. According to the Motion for Relief from Stay Worksheet executed by Gerald Brown, an executive with the Secured Creditor, and attached hereto as **Exhibit B**, through April 17, 2015, there is a total indebtedness owed on the Note and Mortgage in the amount of $607,300.41. Interest on the unpaid principal balance continues to accrue, and to protect its security in the Mortgaged Premises, the Creditor may be required to make advances for property taxes, insurance and related matters.

5. Based on Debtors' Schedule A, annexed hereto as **Exhibit C**, the Mortgaged Premises is valued at $720,752.00. See *In re Gorman*, 2011 WL 5117846 at *5 (Bankr. E.D.N.Y. 2011) (recognizing that a debtor's sworn schedules is evidence of the value of the property). There is a second mortgage held by Chase in the approximate amount of $199,999.74. Based on the total lien amounts and the value of the Mortgaged Premises, there exists no equity in the Mortgaged Premises.

6. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." 11 U.S.C. § 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. *See In re Taylor*, 151 B.R. 646 (E.D.N.Y.1993); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983). The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo,* 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002). Once the movant establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id.*

7. Furthermore, Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from stay imposed by Section 362(a) if "(A) the debtor does

Proceeding:

not have equity in such property; and (B) such property is not necessary to an effective reorganization." See, 11 U.S.C. §362(d)(2)(A)-(B).  Therefore, the Creditor is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as there exists no equity in the Premises after costs of sale.  The Creditor submits that the Mortgaged Premises are not necessary for the effective reorganization of the Debtor as the instant case is a Chapter 7 liquidation case.

8. The Creditor respectfully requests $750.00 for reasonable attorney fees and $176.00 in costs incurred in connection with the instant motion, pursuant to the terms of the Note and Mortgage.  The Mortgage provides that the Creditor shall be reimbursed for any appropriate amounts, including reasonable attorney's fees, spent to protect the Creditor's interest in the Mortgaged Premises, which is secured by the Note and Mortgage.

9. A copy of a proposed Order granting the relief sought by Creditor is annexed hereto as **Exhibit D**.

**WHEREFORE**, Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:   May 5, 2015
             Garden City, New York

Very truly yours,

By:  */s/ Raquel Felix*
Raquel Felix, Esq.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
Attorneys for Creditor.
100 Garden City Plaza
Garden City, NY 11530
Telephone 516-222-6200