UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

Teofilo Mendez and                                            Case No. 15-41720-cec
Gloria Heredia,

                                      Debtor(s).
-------------------------------------------------------------x

DECISION

APPEARANCES

| | |
|---|---|
| Peter M Zirbes | Paul R. McDougal |
| 116-27 Queens Blvd | 229 Seventh Street, Suite 200 |
| Forest Hills, NY 11375 | Garden City, New York 11530 |
| *Counsel for the Debtor* | *Counsel for the Edgar Herrera* |

1

This matter comes to the Court on a motion by Teofilo Mendez and Gloria Heredia (the "Debtors") to vacate an order terminating the automatic stay as to property located at 40-21 108th Street, Corona, NY 11368 (the "Property"). (Case No. 15-41720, *Ex Parte* Motion to Vacate Order Terminating Automatic Stay as to secured creditor, ECF Doc. No. 40.)[1]  For the reasons stated below, the Debtors' motion is denied.

## JURISDICTION

Jurisdiction is proper pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as amended by order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O.)

## BACKGROUND

The facts relevant to this motion are not in dispute, except as otherwise indicated.

In 2014, a judgement of foreclosure was signed by the Queens County Supreme Court, and thereafter foreclosure sales were scheduled in early 2015. (ECF Doc. No. 36, ¶ 5.) On April 17, 2015, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (ECF Doc. No. 1.)  On December 8, 2016, Edgar Herrera (the "Secured Creditor") filed and properly served a motion for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Fed. R. Bankr. P. 4001 (the "Motion for Relief from the Automatic Stay"). (ECF Doc. No. 36 & 38.)  The Secured Creditor sought relief from the automatic stay with respect to the Property in order to exercise his rights under non-bankruptcy law. (ECF Doc. No. 36.)  The Motion for Relief from the Automatic Stay alleged that the Debtors defaulted in making monthly mortgage payments beginning with the payment due March 16, 2012, and continuing to present. Id.  The Debtors did not submit any written opposition to the Motion for Relief from the Automatic Stay.

---

[1] All references to "ECF No." refer to documents filed on the docket in this case, Case No. 15-41720, unless otherwise indicated.

On January 5, 2017, the Debtors failed to appear at a hearing on the Motion for Relief from the Automatic Stay, and the Court granted the motion with no opposition. On January 6, 2017, the Court issued an order granting relief from the stay with regard to the Property (the "Order Terminating the Automatic Stay"). (ECF Doc. No. 39.)

On March 20, 2017, the Debtors filed an *ex parte* motion to vacate the Order Terminating the Automatic Stay (the "Motion to Vacate"). (ECF Doc. No. 40.) The Motion to Vacate alleges that the Motion for Relief from the Automatic Stay should be vacated pursuant to Fed. R. Bankr. P. 9024. (*See* ECF Doc. No. 40; *see also* Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60(b)).) The Debtors' basis for relief is that Debtors' counsel, Peter Zirbes ("Debtor's Counsel") was "unexpectedly running a few minutes late because it took longer than [he] thought it would take to check in on a motion in a foreclosure case in Kings [County] Supreme [Court]." (ECF Doc. No. 40, ¶ 4.) Debtors further assert that for "[e]ach and every month from June of 2015, straight through to December of 2016, on the 15th of each month, [the Debtors] paid [the Secured Creditor] a monthly mortgage payment of $6,000." (ECF Doc. No. 40-2, Debtors' Affidavit in Support of Motion to Vacate, ¶ 7.)

DISCUSSION

Although the Motion for Relief from the Automatic Stay was filed and served on 28 days' notice, the Debtors failed to submit any written opposition to the motion. The Local Bankruptcy Rules for the Eastern District of New York state:

> A response to a written motion shall be in writing and shall state the factual grounds upon which relief is opposed, and the legal authorities that support the respondent's position, either in the response or in a separate memorandum of law. Failure to provide this information may be grounds to strike the response or to grant the motion by default.

E.D.N.Y. LBR 9013-1(b). Though Debtors' Counsel argues that his failure to appear at the hearing on January 5, 2017 was "excusable neglect" within the meaning of Fed. R. Civ. P. 60(b)(1), because he was delayed in state court, he provides no excuse or explanation for his failure to file written opposition. Debtors' failure to oppose the Motion for Relief from the Automatic Stay therefore cannot be ascribed to excusable neglect.

If the merits of the Debtors' Motion to Vacate are considered, the result does not change. The Debtors have not set forth any grounds to deny the Motion for Relief from the Automatic Stay. 11 U.S.C. § 362(d) states, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C.A. § 362 (2010). The lift stay worksheet submitted by the Secured Creditor as an exhibit to the Motion for Relief from the Automatic Stay (the "Affidavit") states that the total indebtedness to the Secured Creditor as of the petition date was $999,227.60, including principal and interest (the "Pre-Petition Payoff Amount"). (ECF Doc. No. 36-2.) The Affidavit further states that the total pre-petition and post-petition indebtedness of the Debtors to the Secured Creditor as of the filing date of the Motion for Relief from the Automatic Stay was $1,133,729.79. Id. The Affidavit further states that the Debtors are 58 payments in arrears from the time between the filing of the Chapter 7 petition and the Motion for Relief from the Automatic Stay. Id. Finally, the Debtors' Schedule A states that the value of the Property is $881,151. (ECF Doc. No. 1, Schedule A.)

Because this is a chapter 7 case, the Property is not necessary to an effective reorganization. Since the Debtors' valuation of the Property is exceeded by the amount owed to the Secured Creditor, the Debtors do not have equity in the Property. Debtors' assertion that six additional payments of $6,000 each were made to the Secured Creditor between the months of June of 2015 and December of 2016 does not change this conclusion. (*See* ECF Doc. No. 40-2, Debtors' Affidavit in Support of Motion to Vacate, ¶ 7.) Even if the Pre-Petition Payoff Amount were reduced by $42,000, it would still exceed the Debtors' valuation of the Property, leaving the Debtors with no equity in the Property. Therefore, relief from the automatic stay is required under 11 U.S.C. § 362(d)(2).

## CONCLUSION

For the reasons stated in this Decision, the Debtors' Motion to Vacate is denied. An order consistent with this Decision will be entered.

**Dated: Brooklyn, New York**
**March 21, 2017**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

5